AGNES L. MARTIN *v.* DR. D. C. MORRIS.

(*Knoxville.* September Term, 1931.)

Opinion filed October 10, 1931.

Floyd Estill for plaintiff in error.

F. L. Dixon and S. H. Ford for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

Mrs. Martin instituted this suit against Dr. Morris to recover damages for alleged injuries resulting from an operation which he performed upon her for the purpose of producing an abortion. Upon her testimony that she went to the office of Dr. Morris and employed him to perform this operation the trial court, of his own motion, directed the jury to return a verdict in favor of Dr. Morris, which they did, and her suit was dismissed. Upon appeal the judgment of the trial court was affirmed by the Court of Appeals with a modification not necessary to relate here. The case is before us upon a petition for writ of *certiorari*.

Mrs. Martin, at the time of the operation, was thirty-three years of age, was married, and had a daughter sixteen years of age. She testified that Dr. Morris had previously performed two similar operations upon her without any injurious results.

In 1 Corpus Juris, 315, it is said:

"According to the great weight of authority, in both England and the United States, the woman who takes drugs or other things or submits to an operation with

the intent to procure an abortion is not an accessory or accomplice, even though she solicits the use of the means employed."

The holding of this court is to the same effect.

*Smart & Carson* v. *State,* 112 Tenn., 539.

█ In 1 Corpus Juris, 313, it is also said that according to the great weight of authority the interruption of pregnancy has always been regarded as highly offensive to good morals and injurious to society. As a general rule no court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act; and this rule applies to transactions as well as to contracts, and if the act out of which the cause of action arose is immoral or illegal the courts will not grant relief.

In cases of this character the application of the rule is to be determined upon considerations of public policy.

█ Where the abortion is committed with the consent of the female numerous courts hold that she has no immunity in a civil action from the legal consequences of her participation in the illegal or immoral act; that while she is not an accomplice to the crime, having participated therein, she will not be permitted to invoke the aid of the court.

The most recent case treating with this question is that of *Szadiwicz* v. *Canter,* decided by the Supreme Court of Massachusetts, and reported in 49 A. L. R., 959. The principles announced above are supported by the opinion in that case, and by other authorities referred to therein. The annotation following that opinion refers to previous annotations where the decisions bearing upon this question have been collected. There are respectable authorities to the contrary.

Here the plaintiff is *sui juris;* a matured married woman who well knew the serious consequences likely to result from such an operation, and that it was both illegal and immoral. In these circumstances she is entitled to no relief, and the writ is denied.